1

2

3

4

5

6                              **UNITED STATES DISTRICT COURT**

7                                   **DISTRICT OF NEVADA**

8

9    JOSEPH ANTONETTI,                    )              3:10-cv-00158-LRH-WGC
                                          )
10             Plaintiff,                 )
                                          )
11        vs.                             )
                                          )
12   HOWARD SKOLNICK, et al.              )
                                          )
13             Defendants.                )
     _____)
14   JOSEPH ANTONETTI,                    )              3:11-cv-00548-LRH-WGC
                                          )
15             Plaintiff,                 )
                                          )
16        vs.                             )              **<u>ORDER</u>**
                                          )
17   BARACK OBAMA, et al.,                )
                                          )
18             Defendants                 )
19   _____)

20        Before the court is plaintiff's motion for appointment of counsel (Doc. # 185.)[1] This motion

21   represents Plaintiff's fifth attempt to have court appointment of counsel, his prior motions having been

22   denied by the court.[2] Defendants have opposed the motion (Doc. # 187) and Plaintiff has replied (Doc.

23   # 191).

24        Plaintiff bases his motion on the fact that he is handicapped and ill suited for self representation,

25   which he claims is exacerbated by the side effects of certain medication he is prescribed.  Plaintiff

26   contends "1st Amendment, medical and conditions of confinement are 'complex issues'...and support

27   _____

          [1] Refers to court's docket number.

28        [2] See, Doc. # 21, denied in Doc. 24; Doc. # 61, denied in Doc. # 82; Doc. #92, denied in Doc. # 146; and Doc.
     # 114, denied in Doc. # 118.

1  appointment." (Doc. # 187 at 1-2.)

2  As the court has previously advised Mr. Antonetti, a litigant in a civil rights action does not have

3  a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir.

4  1981). In very limited circumstances, federal courts are empowered to request an attorney to represent

5  an indigent civil litigant. The circumstances in which a court will grant such a request, however, are

6  exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United*

7  *States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d

8  1328, 1331 (9th Cir. 1986).

9  A finding of such exceptional or extraordinary circumstances requires that the court evaluate both

10  the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims

11  in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed

12  together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn,*

13  *supra,* 789 F.2d at 1331.

14  On the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

15
16
17
18
If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

19  The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the

20  request for appointment of counsel because the Plaintiff failed to establish the case was complex as to

21  facts or law. 789 F.2d at 1331.

22  As reflected in many filings, Plaintiff has shown an ability to articulate his claims. For example

23  in 3:10-cv-00158-LRH-WGC, Plaintiff filed a multi count civil rights complaint and amended complaint

24  which were found to have asserted colorable claims for relief and survived screening. (*See* Screening

25  Order, Doc. # 6.) Certain of those claims were eliminated on Defendants' motion pursuant to this

26  court's Report and Recommendation (Doc. # 53), as affirmed by the order of Senior Judge Edward C.

27  Reed, Jr. (Doc. # 57) and on Defendants' partial motion to dismiss (Doc. # 109) pursuant to this court's

28  Report and Recommendation (Doc. # 161) as affirmed by District Judge Larry R. Hicks. (Doc. # 171.)

1  The remaining claims have not been shown by Plaintiff to be either unduly complicated or unnecessarily
2  complex.

3         Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the
4  likelihood of success on the merits of his claims. In his reply, Plaintiff contends the fact that he overcame
5  several motions for summary judgment and dismissal and partial dismissal show a likelihood of success.
6  (Doc. # 191 at 4.)  Plaintiff, however, has still not convinced the court of a likelihood of success on the
7  merits of his claims. Thus, the court once again finds that another of the extraordinary circumstances
8  necessary for appointment of counsel to be absent.

9         Plaintiff also argues that  he "is locked in a cell on anti-psychotic medications, 24-7, with no law
10  library, no law clerk, <u>no</u> assistance at all and has never conducted a trial in a civil matter before" (*Id*.,
11  at 2).  While any pro se inmate would likely benefit from services of counsel, that is not the standard this
12  court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d
13  1332, 1335-1336 (9th Cir. 1990). The Court does not have the power "to make coercive appointments
14  of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989).  Thus, the Court can appoint counsel
15  only under exceptional circumstances.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den
16  130 S.Ct. 1282 (2010)].  Those exceptional circumstances have not been established by Plaintiff.

17         In the exercise of the court's discretion, it **DENIES** Plaintiff's motion (Doc. # 185).

18  **IT IS SO ORDERED.**

19  DATED:  February 19, 2015.

20                                      _William G. Cobb_____
21                                      WILLIAM G. COBB
                                        UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28