UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| JOSEPH ANTONETTI, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-0158-LRH–WGC |
| | ) | 3:11-cv-0548-LRH-WGC |
| v. | ) | |
| | ) | |
| HOWARD SKOLNIK, et al., | ) | <u>ORDER</u> |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendants' Motion to Dismiss Plaintiff Joseph Antonetti's ("Antonetti") counts 9, 14, and 24, regarding deprivation of personal property without due process of law.  Doc. #198.[1]  Antonetti filed an Opposition (Doc. #210), to which Defendants replied (Doc. #217).  Thereafter, Antonetti filed a Supplement in Support of Opposition of Defendants' Motion to Dismiss.  Doc. #224.  During a hearing on March 10, 2015, regarding pending pre-trial motions, the Court heard argument on this Motion to Dismiss.  The Court has considered this argument, the submissions of the parties, and the relevant case law.

This case represents the consolidation of two cases filed by Antonetti, an inmate with the Nevada Department of Corrections ("NDOC"), alleging several constitutional violations regarding his treatment and conditions of his confinement.  Although many of Antonetti's claims remain, at issue to the present Motion to Dismiss are counts 9, 14, and 24, regarding alleged Fourteenth

---

[1] Refers to the Court's docket number.

1  Amendment violations of due process for deprivation of personal property without notice or a post-
2  deprivation remedy.
3     Defendants have moved the Court to dismiss Antonetti's property claims for lack of
4  subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it
5  lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).
6  Objections to subject matter jurisdiction can be raised at any time, even after trial has ended.
7  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 131 S. Ct. 1197, 1202 (2011). "Indeed, a
8  party may raise such an objection even if the party had previously acknowledged the trial court's
9  jurisdiction." *Id.* Under the Prison Litigation Reform Act ("PLRA"), the district court has
10 discretion to "dismiss any action brought with respect to prison conditions under [42 U.S.C. §
11 1983] . . . if the action is frivolous, malicious, fails to state a claim upon which relief can be
12 granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. §
13 1997e(c)(1).
14    Intentional but unauthorized deprivation of an inmate's personal property by prison
15 employees does not violate the Due Process Clause so long as "adequate state post-deprivation
16 remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Defendants argue that the
17 Court must dismiss Antonetti's deprivation of personal property claims because adequate state
18 post-deprivation remedies were available to him, but he did not pursue such remedies. Doc. #198
19 at 3. Specifically, Nevada law permits an inmate who has been wrongfully deprived of property to
20 seek redress through a state civil action. NRS 41.0322; NRS 73.010; NRS 41.031. Additionally,
21 individuals claiming less than $7500 in property damage can sue in small claims court. NRS
22 4.370(o); NRS 73.010.
23    First, Antonetti opposes Defendants' Motion because the statute of limitations for small
24 claims has passed, and "there is no PLRA requirement to seek 'small claims,' and same cannot
25 remedy for violations of constitutional due process." Doc. #210 at 2. Although the Court
26 recognizes that the timing is unfortunate for Antonetti, it is immaterial that the statute of limitations

for the state small claims remedy has passed. A number of courts have dismissed property deprivation claims because "[e]ven if plaintiff would now be barred by the statute of limitations from filing a state tort action, he had an adequate post deprivation remedy available to him at the time of the alleged wrongful action." *Smith v. Vail*, No. 10-5614, 2011 WL 31764, at *1 (W.D. Wash. Jan. 4, 2011); *see also Azor v. City of New York*, No. 08-cv-4473, 2012 WL 1117256, at *5 n.9 (E.D.N.Y. Mar. 30, 2012) ("[E]ven if [plaintiff's] claims are barred by the statute of limitations, that fact does not deprive him of a meaningful post-deprivation remedy under Hudson."); *Curro v. Watson*, 884 F. Supp. 708, 717 (E.D.N.Y. 1995) (citing *Campo v. N.Y. City Emps. Ret. Sys.*, 843 F.2d 96, 102 n.6 (2d Cir. 1988)) (finding that "it is inconsequential that the state postdeprivation remedy is no longer available because such claim has become barred by the statute of limitations").

Second, Antonetti argues that the Court already determined that it had subject matter jurisdiction to consider Antonetti's deprivation of property claims to the extent that such claims were based on due process concerns. One of the Magistrate Judge's prior Orders, which was adopted by this Court, cited Administrative Regulation ("AR") 740, which states:

> If the inmate's remedy to their grievance includes monetary restitution or damages, then the inmate will get the following forms from unit staff, unit caseworker, or law libraries: A. Form DOC-3026, Inmate Property Claim, which shall be completed and submitted in addition to the grievance for all property loss or damage claims. B. Form DOC-3026, Administrative Claim Form, which shall be completed and submitted in addition to the grievance for all personal injury, tort, or civil rights claims.

*See* Doc. #161 at 24. The Magistrate Judge noted that "an inmate is only required to comply with those requirements which are held out to him by the institution." *Id.* Importantly, this portion of the Order, and similar excerpts cited by Antonetti in opposition to the present Motion to Dismiss, addresses institution grievance procedures but does not discuss the existence or adequacy of state small claims remedies.[2]

---

[2] Furthermore, Antonetti notes that the Magistrate Judge referred to one grievance as a "process" claim and another grievance as a monetary claim. *See* Doc. #161 at 26. However, the Magistrate Judge did not draw this distinction to indicate that the claim could survive as a valid due process violation claim, but rather to show

3

Ninth Circuit and District of Nevada case law does not support Antonetti's interpretation that his property claims must survive because he alleged a *due process* violation, for which Nevada did not provide an adequate state remedy. In *Williams v. Norton*, the Ninth Circuit affirmed the district court's dismissal of the plaintiff's deprivation of property claim because he "did not allege a cognizable due process claim" in light of the fact that the state provided an adequate post-deprivation remedy. No. 97-16252, 1999 WL 386955, at *1 (9th Cir. 1999). Courts in the District of Nevada have consistently held that plaintiffs cannot allege due process claims in federal court when adequate state court remedies are available. *See Rean v. City of Las* Vegas, No. 2:10-cv-1094, 2010 WL 4942029, at *5 (D. Nev. Nov. 29, 2009) ("[D]eprivation of an inmate's property by prison employees does not violate the *Due Process Clause*, provided that adequate state post-deprivation remedies are available."); *Schiro v. Clark*, No. 3:10-cv-0203, 2010 WL 497572, at *4 (D. Nev. Nov. 29, 2010) ("Plaintiff may seek redress in the state system, but he cannot sue in federal court on the claim that the state deprived him of property *without due process of law*."); *Kille v. Borowy*, No. 3:08-cv-0469, 2008 WL 5273695, at *1 (D. Nev. Dec. 17, 2008) (finding that a plaintiff "cannot establish an actionable *due process violation*" because an adequate state court post-deprivation remedy was available).

Antonetti's due process claims could survive if he were alleging that the deprivation of his property was "carried out pursuant to an established state procedure or regulation." *Philippi v. Skolnik*, No. 3:11-cv-0272, 2013 WL 5372352, at *9 (D. Nev. Sept. 24, 2013) (citing *Hudson*, 468 U.S. at 532). In such cases, the court would determine that certain "authorized property deprivations are permissible if conducted pursuant to a regulation that is reasonably related to a legitimate penological interest." *Id.* (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). However, as in *Philippi*, Antonetti's deprivation of property claims allege that Defendants acted without authority when they confiscated or destroyed his property. Antonetti alleges that "Defendants are

---

that the two grievances presented distinct issues and were therefore not duplicative. *Id.* at 26-27.

4

required to post rules in cells and fail." Doc. #210 at 1. Antonetti alleges further that Defendants have made unauthorized deductions, and that "failure to follow correct procedure violates due process." *Id.* at 4-5. Additionally, Antonetti alleges that "Defendants did not follow their own regulations and gave tacit authorization to deprivations." *Id.* at 5.

Such allegations indicate that Antonetti's deprivation of property claims refer not to deprivations carried out pursuant to established regulations, but rather to unauthorized deprivations by the Defendants themselves. "Such deprivations do not give rise to liability under the Due Process Clause when there is an available state common-law tort remedy." *Philippi*, 2013 WL 5372352, at *9. Because Antonetti had an adequate state post-deprivation remedy, the Court finds that it lacks subject matter jurisdiction to consider Antonetti's deprivation of property without due process claims. Accordingly, the Court dismisses claims 9, 14, and 24 from *Antonetti v. Skolnik et al.*, No. 3:10-cv-0158.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Antonetti's Deprivation of Property Claims in Counts 9, 14, and 24 (Doc. #198) is GRANTED.

IT IS SO ORDERED.

DATED this 12th day of March, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE