UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| JOSEPH ANTONETTI, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-0158-LRH–WGC |
| | ) | 3:11-cv-0548-LRH–WGC |
| v. | ) | |
| | ) | |
| HOWARD SKOLNIK, *et al.*, | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Plaintiff Joseph Antonetti's ("Antonetti") Motion for Production of Transcripts. Doc. #268 (Doc. #145 in case 3:11-cv-0548-LRH-WGC)[1]. From March 17, 2015, through March 27, 2015, the Court held a jury trial on Antonetti's surviving claims in the above-captioned cases. On March 27, 2015, the jury returned a verdict in Defendants' favor on all counts. Doc. #265. On April 6, 2015, Antonetti filed a Notice of Appeal (Doc. #266), and the present Motion for Production of Transcripts.

Antonetti's Motion requests production of transcripts for all pretrial conferences the two weeks prior to trial, in addition to "all events, witnesses, arguments to court and jury during trial, in presence and out of presence of jury for appeal purposes." Doc. #268. Antonetti's Notice of Appeal states that he "intends to appeal all pretrial issues in dismissal of counts, defendants and refusal to grant class cert., counsel, experts, amendment and discovery." Doc. #266. Antonetti also

---

[1] Refers to the Court's docket number in *Antonetti v. Skolnik*, No. 3:10-cv-0158.

appeals "the various objectional rulings [at trial] and practices in all their numerous forms." *Id.* On May 1, 2015, the Ninth Circuit granted Antonetti in forma pauperis status. Doc. #281.

"Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f); *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *overruled on other grounds by Helling v. McKinney*, 502 U.S. 903 (1991). A district court does not abuse its discretion in denying a plaintiff's motion to produce transcripts at the government's expense if the plaintiff makes "only conclusory statements about the issues he would raise on appeal." *Santos v. Gates*, 141 Fed. Appx. 534, 535 (9th Cir. 2005).

The Court denies Antonetti's Motion for Production of Transcripts because Antonetti has failed to show that his appeal is not frivolous but presents a substantial question. Importantly, Antonetti's Notice of Appeal makes only conclusory statements about the issues that he would raise on appeal, referring generally to all pretrial and trial rulings. *See* Doc. #266. Accordingly, the Court is not obligated under 28 U.S.C. § 753(f) to order production of transcripts at government expense, and the Court exercises its discretion to deny Antonetti's Motion. *See Pineda v. Tumelson*, 31 Fed. Appx. 511, 512 (9th Cir. 2002) (finding that the district court did not abuse its discretion in denying a request for production of transcripts because the plaintiff "set forth only general statements concerning the issues he would raise on appeal when seeking production of transcripts at government expense").

IT IS THEREFORE ORDERED that Antonetti's Motion for Production of Transcripts (Doc. #268) (Doc. #145 in case 3:11-cv-0548-LRH-WGC) is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of June, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE